IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
ENTERED

OCT 1 0 2006

Michael N. Milby, Clerk of Court

BONIFACIO JUAREZ, §
(TDCJ-CID #722475) §
Plaintiff, §
§
vs. § CIVIL ACTION H-05-3307
§
HARRIS COUNTY SHERIFF'S §
DEPARTMENT, *et al.*, §
§
Defendants. §

## MEMORANDUM AND OPINION

Bonifacio Juarez, an inmate of the Texas Department of Criminal Justice - - Correctional Institutions Division, sued in September 2005, alleging civil rights violations resulting from an excessive use of force and prosecutorial misconduct. Juarez, proceeding *pro se* and *in forma pauperis*, sues the Harris County Sheriff's Department ("HCSD"); Internal Affairs Division ("IAD") of the HCSD; M.D. Smith, Major at the IAD; J.G. Brownfield, Captain of the IAD; William D. Wilkinson, deputy of the HCSD; Chuck Rosenthal, District Attorney of Harris County; Ann Johnson, Assistant District Attorney of Harris County; and Robin Brown, Assistant District Attorney of Harris County.

The threshold issue is whether Juarez's claims should be dismissed as frivolous. The court concludes that Juarez's claims lack merit and should be dismissed for the

reasons stated below.

I.     **Plaintiff's Allegations**

Juarez asserts that on October 6, 2003, Deputy Wilkinson responded to an accident scene in East Harris County where Juarez's car had flipped over and landed in a reservoir. Deputy Wilkinson accused Juarez of being intoxicated. Juarez submitted to two field sobriety tests but refused to submit to a breathalyzer.

Deputy Wilkinson arrested Juarez for driving while intoxicated and transported him to the Wallisville station for booking. While Juarez was handcuffed to a bench, Deputy Wilkinson allegedly beat Juarez violently on the face and head. Juarez suffered contusions, a black eye, cuts, and a broken nose.

The IAD of the HCSD conducted an investigation and determined that Deputy Wilkinson was justified in his use of force against Juarez. Juarez asserts that the prosecutors knew that Deputy Wilkinson was lying, but they chose to cover up his illegal use of force. The prosecutors threatened to send Juarez to prison for life and they forced Juarez to enter a plea bargain agreement. On August 31, 2004, Juarez pleaded guilty to attempted assault on a peace officer and received a 365-day sentence with credit for time served. He also pleaded guilty to DWI and was sentenced to probation for ten years. Juarez's probation was revoked and he was sentenced to a two-year prison term on the DWI conviction. (Docket Entry No. 7, Plaintiff's More

Definite Statement, p. 3). At the time of the offense, Juarez was on parole for a 1994 conviction for possession of a firearm.

Juarez seeks compensatory damages, attorney's fees, and a trial by jury.

## II. Discussion

Under 28 U.S.C. § 1915A, federal courts are authorized to review, before docketing, if feasible, or in any event as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *See Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *Richardson v. Spurlock,* 260 F.3d 495, 498 (5th Cir. 2001)(citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998)(quoting *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997)).

In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held that

a plaintiff who has been convicted of a crime cannot bring a § 1983 claim challenging the constitutionality of his conviction unless that conviction has been reversed, expunged, declared invalid, or called into question by federal habeas corpus. 512 U.S. at 486-87. *Heck* bars claims for "unconstitutional conviction or imprisonment" as well as claims "for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid." *Id.* at 486, 114 S. Ct. 2364. Thus, unless his conviction has been overturned, a plaintiff cannot bring a § 1983 claim if prevailing on that claim would imply that his conviction was invalid.

How *Heck* applies to excessive force claims is not always clear. By proving an excessive force claim, a plaintiff will not invariably invalidate his conviction. *See Hudson v. Hughes*, 98 F.3d 868, 873 (5th Cir. 1996). The Fifth Circuit has recognized that certain convictions will prevent a plaintiff from bringing an excessive force claim. For example, the Fifth Circuit has held that a Texas conviction for aggravated assault on a police officer bars claims for excessive force related to the same conduct. *Hainze v. Richards*, 207 F.3d 795, 799 (5th Cir. 2000); *Sappington v. Bartee*, 195 F.3d 234, 237 (5th Cir. 1999). The Fifth Circuit reached this holding after determining that Texas law permits an officer to use any force--even deadly force--to protect against an aggravated assault. *Sappington*, 195 F.3d at 237. Because any force was justified in response to an assault, a finding that the officers used excessive force would

necessarily mean that the plaintiff had not committed aggravated assault. *Id.* And thus a judgment would call into question the plaintiff's conviction. *Id.*

The Fifth Circuit has also held that a Louisiana conviction for battery of an officer--a crime for which justification is an affirmative defense--prevents the plaintiff from suing for excessive force in connection with the incident. *Hudson*, 98 F.3d at 873. If the plaintiff proved his excessive force claim, he would essentially be proving that his battery was justified, which would undermine his conviction. *Id.* As these cases show, the *Heck* determination depends on the nature of the offense and of the claim. *Cf. Hudson,* 98 F.3d at 873 (noting that, because of the nature of the plaintiff's offense, the conceptual difference between an excessive force claim and a challenge to a conviction "may be applicable in many section 1983 claims of excessive force, [but] it does not help [plaintiff] today").

In this case, Juarez was convicted of attempting to assault a peace officer. The relevant statute provides that:

>   (a)   A person commits an offense if the person:
>     (1)   intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse;
>     (2)   intentionally or knowingly threatens another with imminent bodily injury, including the person's spouse; or
>     (3)   intentionally or knowingly causes physical contact with another when the person knows

> > or should reasonably believe that the other will regard the contact as offensive or provocative.
>
> (b) An offense under Subsection (a)(1) is a Class A misdemeanor, except that the offense is a felony of the third degree if the offense is committed against:
>
> > (1) a person the actor knows is a public servant while the public servant is lawfully discharging an official duty, or in retaliation or on account of an exercise of official power or performance of an official duty as a public servant;
>
> . . .
>
> (4) a person the actor knows is a security officer while the officer is performing a duty as a security officer.
>
> . . .
>
> (d) For purposes of Subsection (b), the actor is presumed to have known the person assaulted was a public servant or a security officer if the person was wearing a distinctive uniform or badge indicating the person's employment as a public servant or status as a security officer.

TEX. PENAL CODE § 22.01.

Juarez's suit squarely challenges the factual determination that underlies his conviction for attempting to assault an officer. If Juarez prevails on his excessive force claim, he will have established that his criminal conviction for attempt to assault a peace officer lacks any basis. Therefore, this lawsuit challenges the validity of Juarez's conviction and is barred by *Heck*.

In addition to complaining of the use of force, Juarez also complains that he was improperly charged and convicted of attempted assault of a peace officer. The

complaint challenges the involuntariness of Juarez's guilty plea. A ruling granting Juarez the relief which he seeks would necessarily implicate the validity of his conviction for attempted assault of a peace officer.

Under *Heck,* Juarez must demonstrate that his conviction and sentence have been reversed, invalidated, or expunged prior to bringing an action under § 1983. *Heck,* 512 U.S. at 486-87. Juarez cannot make such a showing. He has not alleged that his conviction for attempted assault of a peace officer has been reversed, invalidated or otherwise expunged. (Docket Entry No. 7, Plaintiff's More Definite Statement, p. 6). Until Juarez receives a ruling declaring his sentence invalid, no action will accrue under § 1983. *Id.* at 488-89; *Randell v. Johnson,* 227 F.3d 300, 301 (5th Cir. 2000), *cert. denied,* 121 S. Ct. 1601 (2001) ("Because [plaintiff] is seeking damages pursuant to § 1983 for unconstitutional imprisonment and he has not satisfied the favorable termination requirement of Heck, he is barred from any recovery...."). Juarez's claims challenging his conviction for attempted assault of a peace officer are "legally frivolous" within the meaning of sections 1915(e)(2) and 1915A(b). *Hamilton v. Lyons,* 74 F.3d 99, 102-103 (5th Cir. 1996)("A § 1983 claim which falls under the rule in Heck is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question.").

Juarez's claims are dismissed with prejudice to them being reasserted when the

*Heck* conditions are met. *See Clarke v. Stalder,* 154 F.3d 186, 191 (5th Cir. 1998); *Johnson v. McElveen,* 101 F.3d 423, 424 (5th Cir. 1996).

## III. Conclusion

The action filed by Bonifacio Juarez (TDCJ-CID Inmate #722475) lacks an arguable basis in law. His claims are DISMISSED with prejudice under 28 U.S.C. § 1915A(b)(1).

The TDCJ-CID must continue to deduct twenty percent of each deposit made to Juarez's inmate trust account and forward payments to the court on a regular basis, provided the account exceeds $10.00, until the filing fee obligation of $250.00 is paid in full.

The Clerk is directed to provide a copy to the parties; the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; and Clerk of Court, United States District Court for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, attention: Betty Parker, or via E-mail at Betty_Parker/TXED/05/USCOURTS.

SIGNED at Houston, Texas, on _Oct 9_, 2006.

VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE